MCC v. State Farm 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00206-CV

     McLENNAN COMMUNITY COLLEGE,
                                                                              Appellant
     v.

     STATE FARM MUTUAL AUTOMOBILE
     INSURANCE COMPANY,
                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 2000-398-3
                                                                                                                

DISSENTING OPINION
                                                                                                                

      We have come to a fork in the road. The issue we must decide in this case is whether we
will join the majority of the cases (three cases from two courts of appeal) that have gone down
this road before,


 or will we follow the road with a single court, whose only case on the issue
has a subsequent history of dubious value.



      I would take the more frequently traveled road and follow the majority of published
decisions, not just because there are more of them, but also because they have the better
reasoned analysis. There is no need for me to repeat that analysis here. I recognize that in
life, it is frequently refreshing to get off the interstate highway and tour scenic back roads. 
That is fine for automobile travel. But this is not automobile travel. This is the law. We
should use our published decisions to bring stability and predictability to the law. It may not
be glamorous, innovative, or novel, but there is comfort for the litigant, and the trial court
judge, in knowing that the law will be the same if the case is tried and appealed to the Tenth
Court of Appeals, as it will be if it is tried and appealed to the Seventh Court of Appeals or the
First Court of Appeals, or, if they choose to follow the mainstream, any of the courts of
appeals that have not yet decided this issue for their district.
      Without discussion of a compelling reason to do so, the majority chooses to take the road
less traveled.


 I respectfully dissent.
 
                                                             TOM GRAY
                                                             Chief Justice

Dissenting opinion delivered and filed March 10, 2004



ation: underline">Broadmoor was probated in 1965,
the deed from the executors to a third party was executed in 1968,
and the deed from the third party to Broadmoor was executed in
1978. The debts in that case totalled $32,173.00, with the assets
being mortgaged real estate of the value of $65,000.00 and personal
property of the value of $600.00, facially justifying sale of the
real estate to pay the debts which had not been paid when the
initial sale occurred in 1968. Broadmoor does not support
appellant's position. 
In its second point appellant contends that the trial court
erred in rendering judgment awarding attorney's fees to appellees
because the only testimony regarding such fees came from appellees'
trial counsel who had not been identified as an expert witness in
response to a proper interrogatory. The record is silent
concerning an objection which would be the basis for appellant's
position under this point. If, as appellant suggests, an objection
was made outside the hearing of the court reporter, then appellant
was required to bring forward a bill of exception showing that the
complaint now urged by appellant was in fact presented to the trial
court with a resulting ruling against it. Rule 50(d), Texas Rules
of Appellate Procedure, provides that it is the burden of the party
seeking review to see that a sufficient record is presented to show
error requiring reversal. Rule 52(a) provides that in order to
preserve a complaint for appellate review a party must have
presented to the trial court a timely request, objection or motion,
stating the specific grounds for the ruling he desired the court to
make if the specific grounds were not apparent from the context,
and that it is also necessary for the complaining party to obtain
a ruling upon the party's request, objection or motion. 
Appellant's points of error are overruled. The judgment is
affirmed.
 
                          
VIC HALL
PUBLISH Justice